E-FILED 2023 OCT 27 3:38 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

## IN THE DISTRICT COURT IN AND FOR POTTAWATTAMIE COUNTY, IOWA

| | |
|---|---|
| MILLER ORTHOPAEDIC AFFILIATES, P.C., | CASE NO. LACV 124368 |
| Plaintiff, | **ORIGINAL NOTICE** |
| v. | |
| MICHAEL STOJANOVIC, M.D., and ORTHOWEST LLC, a/k/a ORTHOWEST, P.C. d/b/a ORTHONEBRASKA | |
| Defendants. | |

TO THE ABOVE-NAMED DEFENDANT(S):

You are notified that an Amended Petition has been filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the Amended Petition (and any documents filed with it) is attached to this notice. The attorney for the plaintiff(s) is Nicole Seckman Jilek of Abrahams Kaslow & Cassman, LLP, 8712 West Dodge Road, Suite 300, Omaha, Nebraska 68114. That attorney's telephone number is 402-392-1250; facsimile number is 402-392-0816; email address is njilek@akclaw.com.

You must, within 20 days after service of this Original Notice upon you, serve, and within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Pottawattamie County, at the county courthouse in Council Bluffs, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **712-328-4753**. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

(SEAL)

CLERK OF COURT

Pottawattamie County Courthouse
227 S 6th Street, PO Box 476
Council Bluffs, IA 51502

**IMPORTANT**

YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.

4886-9076-6987, v. 1

Exhibit A

E-FILED  2023 OCT 30 6:55 AM POTTAWATTAMIE - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.* **LACV124368**
*County* **Pottawattamie**

*Case Title*   MILLER ORTHO AF, P.C., VS. MICHAEL STOJANOVIC M.D.

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential. For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(712) 328-4753**. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/. **Disability access coordinators cannot provide legal advice.**

*Date Issued* **10/30/2023 06:55:18 AM**



*District Clerk of Court or/by Clerk's Designee of* Pottawattamie   County
**/s/ Julie Walling**

## IN THE DISTRICT COURT IN AND FOR POTTAWATTAMIE COUNTY, IOWA

| | |
|---|---|
| MILLER ORTHOPAEDIC AFFILIATES, P.C., | CASE NO. LACV 124368 |
| Plaintiff, | |
| v. | **AMENDED PETITION** |
| MICHAEL STOJANOVIC, M.D., and ORTHOWEST LLC, a/k/a ORTHOWEST, P.C. d/b/a ORTHONEBRASKA | |
| Defendants. | |

Plaintiff Miller Orthopaedic Affiliates, LLC states and alleges as follows for its Petition against Defendants Michael Stojanovic, M.D. and OrthoWest LLC, a Nebraska professional limited liability company, also known as and registered to do business in Iowa as OrthoWest, P.C., and doing business in both Nebraska and Iowa as OrthoNebraska:

### PARTIES

1. At all times material hereto, Plaintiff Miller Orthopaedic Affiliates, LLC ("Plaintiff") has been and continues to be a professional corporation organized under the laws of Iowa, authorized to do and doing business in Iowa, and principally located in Council Bluffs, Pottawattamie County, Iowa.

2. Defendant Michael Stojanovic, M.D. ("Dr. Stojanovic") is a resident of the State of Nebraska, licensed to practice medicine in Iowa, and was, at all relevant times, employed by Plaintiff to provide medical service at Plaintiff's clinic located in Council Bluffs, Pottawattamie County, Iowa.

3. Defendant OrthoWest LLC, a Nebraska professional limited liability company, also known as and registered to do business in Iowa as OrthoWest, P.C., and doing business in both

1

Nebraska and Iowa as OrthoNebraska (collectively, "OrthoNebraska") has been and continues to be a foreign professional corporation organized under the laws of Nebraska, registered and authorized to do and doing business in Iowa and Nebraska, and principally located in Omaha, Douglas County, Nebraska.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this court, pursuant to Iowa Code § 617.3, because Dr. Stojanovic entered into a contract with Plaintiff which is stated to be and was performed in Council Bluffs, Pottawattamie County, Iowa.

5. Venue is proper in this Court pursuant to Iowa Code § 616.7 because the contract which is the subject of this action is stated to be and was performed in Council Bluffs, Pottawattamie County, Iowa.

## FACTUAL BACKGROUND

6. At all times material hereto, Plaintiff has had, and continues to operate, clinics and medical facilities in Council Bluffs, Pottawattamie County, Iowa and in Omaha, Douglas County, Nebraska.

7. On or about November 22, 2021, Plaintiff and Dr. Stojanovic entered into a Physician Employment Agreement, under which Dr. Stojanovic would provide medical services on behalf of Plaintiff, beginning on September 6, 2022, and continuing until the agreement was terminated, in accordance with its provisions ("Agreement"). Attached hereto, marked **Exhibit A**, and incorporated herein by this reference is a true and correct copy of the Agreement.

8. Dr. Stojanovic negotiated and signed the Agreement in the State of Illinois, which is the state where he was residing at the time he executed the Agreement.

9. Pursuant to section 13 of the Agreement, Dr. Stojanovic agreed to relocate to Council Bluffs, Pottawattamie County, Iowa, and Plaintiff agreed to reimburse Dr. Stojanovic for his expenses incurred in relocating in an amount not to exceed $10,000.

10. Under section 15 of the Agreement, Dr. Stojanovic agreed to not use for his "own account or disclose to anyone else, during or after the Term of this Agreement, any confidential or proprietary information or material relating, in the reasonable opinion of [Plaintiff], to [Plaintiff's] practice, operations or business, which [Dr. Stojanovic] may obtain from [Plaintiff], its officers, directors or employees or otherwise during or by virtue of [Dr. Stojanovic's] employment by [Plaintiff]."

11. Under section 16c. of the Agreement, Dr. Stojanovic agreed, in part, that during his employment by Plaintiff and "for a period of twenty-four (24) months following the termination of [his] employment with [Plaintiff] for any reason whatsoever, whether such termination is voluntary or involuntary, and regardless of cause, [Dr. Stojanovic would] not directly or indirectly, on [his] behalf or by aiding any other individual or entity: i. [b]e involved as an owner, partner, shareholder, joint venturer, director, employee, agent, independent contractor, or otherwise, of any business that competes with [Plaintiff's] provision of adult joint reconstruction and/or general orthopaedic medicine services within Pottawattamie, Crawford, Carroll, Harrison, Shelby, Audubon, Guthrie, Cass, Adair, Mills, Monona, Montgomery, Adams, Fremont, Page, Taylor and Union Counties in the State of Iowa[.]"

12. Under section 27 of the Agreement, the parties agreed that the "Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of

Iowa[,]" and Plaintiff and Dr. Stojanovic "consent[ed] to personal jurisdiction and exclusive venue" in the state court of Pottawattamie County, Iowa.

13. Throughout his employment with Plaintiff under the Agreement, Dr. Stojanovic acquired confidential information of Plaintiff, including confidential information related to Plaintiff's business and operations.

14. Throughout his employment with Plaintiff under the Agreement, Dr. Stojanovic had close contact with Plaintiff's patients.

15. Throughout his employment with Plaintiff under the Agreement, Plaintiff incurred expenses in an effort to establish Dr. Stojanovic's medical practice and advertise his medical services to the community at large since he was new to the Council Bluffs, Iowa area when he began his employment with Plaintiff.

16. Plaintiff expected to receive the benefit of Dr. Stojanovic's continued employment with Plaintiff under the Agreement.

17. On August 2, 2023, Dr. Stojanovic gave Plaintiff written notice that he was terminating the Agreement.

18. On August 3, 2023, Dr. Stojanovic gave Plaintiff written notice that his termination of the Agreement would be effective on August 7, 2023.

19. Upon information and belief, earlier this year, Dr. Stojanovic entered into a written agreement with OrthoNebraska, under which Dr. Stojanovic would provide medical services on behalf of OrthoNebraska beginning this year.

20. Upon information and belief, OrthoNebraska had knowledge of the Agreement between Plaintiff and Dr. Stojanovic and intentionally induced Dr. Stojanovic to breach the

Agreement by entering into the written agreement with OrthoNebraska to provide medical services on behalf of OrthoNebraska.

21. At all times material hereto, OrthoNebraska has been, and continues to be, a Nebraska professional limited liability company, which is principally located in Omaha, Douglas County, Nebraska, authorized to do and doing business in Council Bluffs, Pottawattamie County, Iowa, and a direct competitor of Plaintiff in both Iowa and Nebraska.

### FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT
### (Dr. Stojanovic)

22. Plaintiff re-alleges and incorporates by reference the allegations of the foregoing paragraphs, as if fully set forth herein.

23. This cause of action is being brought pursuant to Iowa R. Civ. Pro. 1.1101 *et seq.*

24. At this time, there is an actual, justiciable controversy that is ripe for judicial determination in this matter.

25. On November 22, 2021, Plaintiff and Dr. Stojanovic entered into the Agreement, under which Dr. Stojanovic agreed to provide medical services on Plaintiff's behalf, beginning September 6, 2022 and continuing until the Agreement was terminated.

26. Under Section 27 of the Agreement, the Agreement is to be governed and construed in accordance with Iowa law.

27. Pursuant to Section 27 of the Agreement, the exclusive venue for any disputes arising under the Agreement is in the state and federal courts of Pottawattamie County, Iowa.

28. The Agreement should be enforced and interpreted in accordance with Iowa law, since the parties agreed that Iowa law would apply to the enforcement and interpretation of the Agreement.

29. The Agreement should be enforced and interpreted in accordance with Iowa law, since the State of Iowa has a substantial relationship to both the parties to this action and the Agreement.

30. The Agreement should be enforced and interpreted in accordance with Iowa law because the Agreement was negotiated, in part, in the State of Iowa.

31. The Agreement should be enforced and interpreted in accordance with Iowa law because the Agreement was executed, in part, in the State of Iowa.

32. The Agreement should be enforced and interpreted in accordance with Iowa law because the Agreement was to be performed in the State of Iowa.

33. The Agreement should be enforced and interpreted in accordance with Iowa law because the State of Iowa was the subject matter of the Agreement.

34. The Agreement should be enforced and interpreted in accordance with Iowa law because, at all times material hereto, Plaintiff has been and continues to be domiciled in, a resident of, and incorporated in the State of Iowa.

35. Section 16c. of the Agreement prevents Dr. Stojanovic from directly or indirectly being "involved as an owner, partner, shareholder, joint venture, director, employee, agent, independent contractor, or otherwise of any business that competes with [Plaintiff's] provision of adult joint reconstruction and/or general orthopaedic medicine services within Pottawattamie, Crawford, Carroll, Harrison, Shelby, Audubon, Guthrie, Cass, Adair, Mills, Monona, Montgomery, Adams, Fremont, Page, Taylor and Union Counties in the State of Iowa[,]" for a period of 24 months following termination of his employment with Plaintiff (the "Restrictive Covenant").

36. The Restrictive Covenant is necessary for Plaintiff to protect its business interests in Nebraska and Iowa.

37. The Restrictive Covenant is not unreasonably restrictive because it only prevents Dr. Stojanovic for a short period of time from providing orthopaedic medicine services in Pottawattamie County, Iowa and in a small number of closely surrounding counties and areas.

38. Dr. Stojanovic terminated his employment with Plaintiff, effective August 7, 2023.

39. Upon information and belief, earlier this year, Dr. Stojanovic entered into a written agreement with "OrthoNebraska", under which Dr. Stojanovic would provide medical services on behalf of OrthoNebraska, beginning this year.

40. At all times material hereto, OrthoNebraska has had, and continues to have, one or more clinics and medical facilities in Council Bluffs, Pottawattamie County, Iowa and Omaha, Douglas County, Nebraska, which directly compete with Plaintiff.

41. Because of the close proximity between Plaintiff's and OrthoNebraska's clinics and medical facilities in Omaha, Nebraska and in Council Bluffs, Iowa, Dr. Stojanovic is competing with Plaintiff in violation of section 16 (including the Restrictive Covenant) of the Agreement, regardless of whether he is working at an OrthoNebraska facility in Council Bluffs, Iowa or in Omaha, Nebraska.

42. The Restrictive Covenant has not and will not cause patients and the public to suffer hardship because there are a sufficient number of orthopaedic medicine service providers in or near Pottawattamie County, Iowa.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in its favor on Plaintiff's First Cause of Action and award Plaintiff its costs expended in this action, and declare that:

(a) The Agreement is valid and enforceable;

(b) The Agreement is to be governed and construed in accordance with Iowa law;

(c) The exclusive venue for any disputes arising under the Agreement is in the state and federal courts in Pottawattamie County, Iowa;

(d) Under the Agreement, venue is proper in this Court;

(e) Under section 16 of the Agreement, Dr. Stojanovic is prohibited from directly or indirectly being involved as an owner, partner, shareholder, joint venturer, director, employee, agent, independent contractor, or otherwise of any business that competes with Plaintiff's provision of adult joint reconstruction and/or general orthopaedic medicine services within Pottawattamie, Crawford, Carroll, Harrison, Shelby, Audubon, Guthrie, Cass, Adair, Mills, Monona, Montgomery, Adams, Fremont, Page, Taylor and Union Counties in the State of Iowa[,]" for a period of 24 months following termination of his employment with Plaintiff;

(f) Section 16 of the Agreement, including the Restrictive Covenant, is valid and enforceable;

(g) Section 16 of the Agreement, including the Restrictive Covenant, is necessary for Plaintiff to protect its business interests (including confidential information) in Nebraska and Iowa;

(h) Section 16 of the Agreement, including the Restrictive Covenant, is not unreasonably restrictive since it only prevents Dr. Stojanovic from providing

8

orthopaedic medicine services on behalf of a competitor of Plaintiff in Pottawattamie County, Iowa and in a small number of closely surrounding counties and areas, for a 24-month period beginning on August 7, 2023;

(i) Section 16 of the Agreement, including the Restrictive Covenant, has not and will not cause patients and the public to suffer hardship because there are a sufficient number of orthopaedic medicine service providers in or near Pottawattamie County, Iowa;

(j) Section 16 of the Agreement, including the Restrict Covenant, prevents Dr. Stojanovic from working for OrthoNebraska for a period of 24 months (beginning on August 7, 2023), regardless of whether he is working at an OrthoNebraska facility in Council Bluffs, Iowa or in Omaha, Nebraska;

(k) Dr. Stojanovic breached the Agreement when he entered into a written agreement with OrthoNebraska, under which Dr. Stojanovic would provide medical services on behalf of OrthoNebraska, beginning this year; and

(l) Dr. Stojanovic breached the Agreement when he made arrangements to work for OrthoNebraska beginning this year.

Plaintiff further prays for such other, further, and different relief as the Court deems just and equitable under the circumstances.

### SECOND CAUSE OF ACTION - BREACH OF CONTRACT
### (Dr. Stojanovic)

43. Plaintiff re-alleges and incorporates by reference the allegations of the foregoing paragraphs, as if fully set forth herein.

44. Plaintiff and Dr. Stojanovic entered into the Agreement, effective September 6, 2022.

9

4875-6427-1494, v. 2

45. The Agreement prevented Dr. Stojanovic from directly or indirectly being "involved as an owner, partner, shareholder, joint venturer, director, employee, agent, independent contractor, or otherwise, of any business that competes with [Plaintiff's] provision of adult joint reconstruction and/or general orthopaedic medicine services within Pottawattamie, Crawford, Carroll, Harrison, Shelby, Audubon, Guthrie, Cass, Adair, Mills, Monona, Montgomery, Adams, Fremont, Page, Taylor and Union Counties in the State of Iowa[,]" for a period of 24 months following termination of his employment with Plaintiff.

46. Dr. Stojanovic terminated his employment with Plaintiff, effective August 7, 2023.

47. Dr. Stojanovic breached the Agreement when he entered into an agreement with OrthoNebraska to provide medical services on its behalf, beginning this year.

48. Dr. Stojanovic breached the Agreement when he made arrangements to work for OrthoNebraska, beginning this year.

49. Plaintiff performed all conditions precedent necessary to recovery under the Agreement.

50. As a proximate result of Dr. Stojanovic's breach of the Agreement, Plaintiff has sustained damages in an amount exceeding $1,000,000, along with interest and attorneys' fees as permitted by law.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in its favor on its Second Cause of Action and against Defendant Dr. Stojanovic in an amount to be proven at trial, plus pre-judgment and post-judgment interest at the maximum legal rate, for an award of attorney's fees and costs as allowed by law, and for such other, further, and different relief as the Court deems just and equitable.

## THIRD CAUSE OF ACTION – MISAPPROPRIATION OF TRADE SECRETS
(Dr. Stojanovic)

51. Plaintiff re-alleges and incorporates by reference the allegations of the foregoing paragraphs, as if fully set forth herein.

52. Upon information and belief Dr. Stojanovic unlawfully misappropriated trade secrets by supplying trade secrets to Plaintiff's competitor OrthoNebraska.

53. The trade secrets are generally described as the information used in the operation of its business to an actual or economic advantage over others and such information may include, but is not limited to, a formula, pattern, compilation, program, device, method, technique or process, or other confidential information. The trade secrets derive actual and potential independent economic value from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use. Additionally, the trade secrets were the subject of reasonable efforts to maintain their secrecy.

54. As a result of Dr. Stojanovic's actions, the Plaintiff has suffered damages in an amount to be proven at trial.

55. As a result of Dr. Stojanovic's actions, the Defendants were unjustly enriched in an amount to be proven at trial.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in its favor on its Third Cause of Action and against Defendant Dr. Stojanovic in an amount to be proven at trial, plus pre-judgment and post-judgment interest at the maximum legal rate, for an award of attorney's fees and costs as allowed by law, and for such other, further, and different relief as the Court deems just and equitable.

## FOURTH CAUSE OF ACTION – MISAPPROPRIATION OF TRADE SECRETS
(OrthoNebraska)

11

56. Plaintiff re-alleges and incorporates by reference the allegations of the foregoing paragraphs, as if fully set forth herein.

57. Upon information and belief OrthoNebraska unlawfully misappropriated trade secrets by acquiring Plaintiff's trade secrets from Dr. Stojanovic. OrthoNebraska knew or had reasons to know that the trade secrets were acquired by improper means.

58. The trade secrets are generally described as the information used in the operation of its business to an actual or economic advantage over others and such information may include, but is not limited to, a formula, pattern, compilation, program, device, method, technique or process, or other confidential information. The trade secrets derive actual and potential independent economic value from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use. Additionally, the trade secrets were the subject of reasonable efforts to maintain their secrecy.

59. As a result of OrthoNebraska's actions, the Plaintiff has suffered damages in an amount to be proven at trial.

60. As a result of OrthoNebraska's actions, the Defendants were unjustly enriched in an amount to be proven at trial.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in its favor on its Fourth Cause of Action and against Defendant OrthoNebraska in an amount to be proven at trial, plus pre-judgment and post-judgment interest at the maximum legal rate, for an award of attorney's fees and costs as allowed by law, and for such other, further, and different relief as the Court deems just and equitable.

### FIFTH CAUSE OF ACTION – TORTIOUS INTERFERENCE WITH CONTRACT
### (OrthoNebraska)

61.     Plaintiff re-alleges and incorporates by reference the allegations of the foregoing paragraphs, as if fully set forth herein.

62.     Plaintiff and Dr. Stojanovic entered into the Agreement under which Dr. Stojanovic would provide medical services on behalf of Plaintiff.

63.     Upon information and belief, OrthoNebraska knew of the Agreement when it intentionally induced Dr. Stojanovic to enter into a written agreement with OrthoNebraska to provide medical services on behalf of OrthoNebraska.

64.     Due to OrthoNebraska's tortious conduct, Dr. Stojanovic breached the Agreement and stopped providing medical services on behalf of Plaintiff.

65.     As a proximate result of OrthoNebraska's tortious conduct, Plaintiff has sustained damages in an amount exceeding $1,000,000, along with interest and attorneys' fees as permitted by law.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in its favor on its Fifth Cause of Action and against Defendant OrthoNebraska in an amount to be proven at trial, plus pre-judgment and post-judgment interest at the maximum legal rate, for an award of attorney's fees and costs as allowed by law, and for such other, further, and different relief as the Court deems just and equitable.

### SIXTH CAUSE OF ACTION – UNJUST ENRICHMENT
### (OrthoNebraska)

66.     Plaintiff re-alleges and incorporates by reference the allegations of the foregoing paragraphs, as if fully set forth herein.

67.     OrthoNebraska wrongfully induced Dr. Stojanovic to breach the Agreement after Plaintiff financially invested in and expended resources to develop Dr. Stojanovic's medical practice while under the Agreement with Plaintiff.

68.  As a proximate result of Dr. Stojanovic entering into the written agreement with OrthoNebraska to provide medical services on behalf of OrthoNebraska, OrthoNebraksa has and will continue to receive the benefit of Dr. Stojanovic's medical services that Plaintiff expected to receive.

69.  It is unjust to allow OrthoNebraska to retain the benefit of Dr. Stojanovic's services and any profits derived from any such services as a result of OrthoNebraska's tortious conduct.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in its favor on its Sixth Cause of Action and against Defendant OrthoNebraska in an amount to be proven at trial, plus pre-judgment and post-judgment interest at the maximum legal rate, for an award of attorney's fees and costs as allowed by law, and for such other, further, and different relief as the Court deems just and equitable.

Dated this 27th day of October, 2023.

MILLER ORTHOPAEDIC AFFILIATES, P.C.,
Plaintiff,

By: /s/Nicole Seckman Jilek
Nicole Seckman Jilek, AT0014604
Of Abrahams, Kaslow & Cassman LLP
8712 West Dodge Road, Suite 300
Omaha, NE 68114
njilek@akclaw.com
Telephone: (402) 392-1250
*Attorney for Miller Orthopaedic Affiliates, P.C.*